```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
RUBEN MALDONADO,                   )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   C.A. No. 16-659 WES
                                   )
NANCY A. BERRYHILL, Acting         )
Commissioner of Social Security,   )
                                   )
          Defendant.               )
_____)
```

## ORDER

WILLIAM E. SMITH, Chief Judge.

In a Report and Recommendation ("R&R") filed on December 11, 2017 (ECF No. 14), Magistrate Judge Lincoln D. Almond recommended that Plaintiff's Motion for Reversal (ECF No. 10) be granted and that Defendant the Commissioner of the Social Security Administration's ("Commissioner") Motion To Affirm (ECF No. 12) be denied. Magistrate Judge Almond also recommended that the Court enter final judgment for Plaintiff, reversing the decision of the Commissioner and remanding the matter for further administrative proceedings consistent with the R&R. After carefully reviewing the R&R and the relevant papers, and having heard no objections, the Court ACCEPTS the R&R in its entirety and adopts the recommendations and reasoning set forth therein.

The Court therefore GRANTS Plaintiff's Motion for Reversal

(ECF No. 10) and DENIES the Commissioner's Motion To Affirm (ECF No. 12).  Final judgment shall enter in favor of Plaintiff.  This matter is remanded for further administrative proceedings consistent with this decision.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  January 12, 2018

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RUBEN MALDONADO                              :
                                             :
v.                                           :   C.A. No. 16-659-WES
                                             :
NANCY A. BERRYHILL, Acting                   :
Commissioner of the Social Security          :
Administration                               :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint on December 18, 2016 seeking to reverse the Decision of the Commissioner. On September 15, 2017, Plaintiff filed a Motion for Reversal of the Disability Determination of the Commissioner of Social Security. (ECF Doc. No. 10). On November 16, 2017, the Commissioner filed a Motion to Affirm her Decision. (ECF Doc. No. 12). Plaintiff filed a Reply Brief on November 30, 2017. (ECF Doc. No. 13).[1]

This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions and independent research, I find that there is not substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion for Reversal (ECF Doc. No. 10) be GRANTED and that the Commissioner's Motion to Affirm (ECF Doc. No. 12) be DENIED.

---

[1] Plaintiff's Reply starts with the statement that "[a] disdain for the disabled drips from the Commissioner's memorandum." (ECF Doc. No. 13 at p. 1). The Commissioner's Memorandum responds seriatim to the numerous arguments made by Plaintiff in his initial Memorandum. There is no disdain dripping from it. Such attacking rhetoric does not assist the Court in sorting through the various errors claimed in the context of this 700-plus page Administrative Record.

## I.   PROCEDURAL HISTORY

Plaintiff filed an application for SSI on September 3, 2013 alleging disability since January 1, 2010.  (Tr. 284-292).  The application was denied initially on December 31, 2013 (Tr. 153-162) and on reconsideration on May 28, 2014.  (Tr. 164-175).  Plaintiff requested an Administrative Hearing.  On February 26, 2015, a hearing was held before Administrative Law Judge Martha Bower (the "ALJ") at which time Plaintiff, represented by counsel, appeared and testified.  (Tr. 143-152).  The ALJ continued the hearing to September 22, 2015 at which time Plaintiff, a Vocational Expert ("VE") and a Medical Expert ("ME") appeared and testified.  (Tr. 44-76).  The ALJ issued an unfavorable decision to Plaintiff on October 15, 2015.  (Tr. 22-43).  The Appeals Council denied Plaintiff's request for review on October 19, 2016.  (Tr. 1-7).  Therefore, the ALJ's decision became final.  A timely appeal was then filed with this Court.

## II.   THE PARTIES' POSITIONS

Plaintiff argues that the ALJ's decision is infected with several errors as outlined in his Memorandum.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's decision is legally correct, supported by substantial evidence and thus must be affirmed.

## III.   THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart, 274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a

complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings. Id.

## IV.   THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the

claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R § 404.1527©. However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled. However, the ALJ is responsible for making the

ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(e). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner. 20 C.F.R. § 404.1527(e). See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

### B.     Developing the Record

The ALJ has a duty to fully and fairly develop the record. Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991). The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained. See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987). The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.     Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

**D.     The Five-step Evaluation**

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled

after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

### E. Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1. Pain

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

(1) The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

(2) Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

(3) Type, dosage, effectiveness, and adverse side-effects of any pain medication;

(4) Treatment, other than medication, for relief of pain;

(5) Functional restrictions; and

(6) The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A).

### 2. Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility

finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

V.     APPLICATION AND ANALYSIS

A.     The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 5.  At Step 2, the ALJ found that Plaintiff's spine disorder, anxiety and morbid obesity are "severe" impairments as defined in 20 C.F.R. § 416.920(c).  (Tr. 27).  She concluded that Plaintiff's diabetes, hypertension, liver condition, sleep apnea and depression were "non-severe" impairments.  (Tr. 28).  As to RFC, the ALJ determined that Plaintiff was able to perform a limited range of sedentary work.  (Tr. 30).  Based on this RFC and testimony from the VE, the ALJ decided at Step 4 that Plaintiff was unable to perform his past work as a warehouse shipper/receiver but could transition to other unskilled sedentary jobs.  Thus, the ALJ decided at Step 5 that Plaintiff was not entitled to Social Security disability benefits.  (Tr. 36).

B.     **The Failure to Evaluate Dr. Oshiro's Treating Source Opinion Was Not Harmless Error.**

Plaintiff submitted a treating source opinion from his primary care doctor, Dr. Hector Oshiro, approximately one month prior to the September 22, 2015 ALJ hearing.  (Tr. 674-678).  Dr. Oshiro's opinion is dated December 4, 2014.  Id.  Plaintiff began treating with Dr. Oshiro in February 2014.  (Tr.

458-459). Dr. Oshiro saw Plaintiff a number of times in 2014 and 2015. (See Tr. 559-580). Although the ALJ discusses some of Dr. Oshiro's treatment notes (Tr. 33-34), the ALJ never discussed or evaluated the opinions contained in the December 4, 2014 "Physician Examination Report." (Exh. 25F).

Defendant concedes that the ALJ erred in two respects, and that she was (1) required to evaluate the report; and (2), pursuant to the treating physician rule – 20 C.F.R. § 416.927(c)(2), also required to provide "good reasons" for the weight she assigned to it. (ECF Doc. No. 12-1 at pp. 8-9). The ALJ did neither.

Defendant argues that the ALJ's errors are harmless because Dr. Oshiro's opinion is "so patently deficient that the Commissioner could not possibly credit" it. See Douglas v. Colvin, Civil No. 15-cv-378-PB, 2016 WL 5660315 at *5 (D.N.H. Sept. 30, 2016).[2] Plaintiff strongly disagrees and contends that the Commissioner's argument is "nothing more than a post hoc rationalization, and attempt to justify the rejection of the opinion even though the ALJ had not actually rejected [it]." (ECF Doc. No. 13 at p. 4).

On balance, the Court must agree with Plaintiff's position. Dr. Oshiro's report is a treating physician opinion and thus it is entitled to controlling weight if well-supported and consistent with other evidence of record. See 20 C.F.R. § 416.927(c)(2). In addition, the ALJ is required to evaluate such opinions and to give "good reasons" in the decision for the weight given to such opinions. The Court declines the invitation to speculate as to how the ALJ might have evaluated Dr. Oshiro's opinion and what her reasoning might have been. This is a complex case with multiple medical impairments overlaid by the presence of morbid obesity. The ALJ found that Plaintiff could only perform a very

---

[2] In Douglas v. Colvin, 2016 WL 5660315, the Court concluded that it was harmless error for an ALJ to fail to consider a treating RN's opinions. In addition to not coming from an acceptable medical source, the RN's opinions were contained exclusively in conclusory, check-box forms which were internally inconsistent at times. This case is plainly distinguishable and involves an opinion from a treating physician supported by treatment notes. There is no claim of internal inconsistency and the check-box form used by Dr. Oshiro includes notation of his "diagnoses of back pain, hypertension, diabetes and obesity and an explanation as to how [he] arrived at these diagnoses." (ECF Doc. No. 12-1 at p. 8, citing Tr. 675-676).

limited range of sedentary work. (Tr. 30). Dr. Oshiro's opinion as to Plaintiff's functional limitations does not appear to differ significantly from the ALJ's RFC assessment. However, when the limitations assessed by Dr. Oshiro were presented to the VE, it tipped the balance. The VE testified unequivocally that such limitations would preclude Plaintiff from performing the unskilled sedentary jobs relied upon by the ALJ in making her Step 5 finding. (Tr. 74). In the end, Defendant has not persuaded the Court that Dr. Oshiro's opinion is so "patently deficient" that "no reasonable ALJ could possibly credit it" as it argues. (See ECF Doc. No. 12-1 at pp. 9-10). Accordingly, I do not find the ALJ's conceded error in failing to evaluate Dr. Oshiro's treating source opinion to be a harmless error on this record.[3]

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion for Reversal (ECF Doc. No. 10) be GRANTED and that Defendant's Motion to Affirm (ECF Doc. No. 12) be DENIED. I further recommend that Final Judgment enter in favor of Plaintiff reversing the Commissioner's decision under Sentence Four of 42 U.S.C. § 405(g) and remanding this matter to the Commissioner for further administrative proceedings consistent with this decision.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge

---

[3] Plaintiff makes several other arguments for remand. Since this argument is plainly dispositive, the Court declines to specifically address Plaintiff's other arguments for purposes of judicial efficiency and economy.

December 11, 2017